# IN THE COURT OF APPEALS OF IOWA

No. 20-1232
Filed November 3, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**STEPHONE ANN KRIENS,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Brendan E. Greiner, District Associate Judge.

    Stephone Kriens appeals her convictions for operating while intoxicated, third offense, and tampering with an ignition interlock device. **AFFIRMED.**

    Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

    Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

    Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

Stephone Kriens appeals her convictions for operating while intoxicated (OWI), third offense, and tampering with or circumventing an ignition interlock device. She asserts her motion to suppress was wrongly rejected and the court abused its sentencing discretion. We find the vehicle stop was supported by reasonable suspicion of unlawful activity, so the motion to suppress was properly denied, and the court provided adequate reasons for imposing consecutive sentences. Thus, we affirm.

At about 4:35 p.m. on October 19, 2019, West Des Moines Police Officer Andrew Hofbauer received a "be on the lookout" alert (BOLO) from dispatch, containing information that had been passed on by the Osceola Police Department: an intoxicated driver in a 1997 Ford Taurus (including the color and license plate number of the vehicle) was headed north from Osceola, a family member had blown into the driver's interlock device, and the interlock device had been disconnected.

At 5:16 p.m., Officer Hofbauer was stationed along I-35 when he saw the vehicle described in the BOLO. He caught up with the vehicle and observed it weave within its lane and "ma[k]e a jerky motion back." Suspecting the driver was intoxicated, Officer Hofbauer conducted a traffic stop. On approaching the driver, the officer noted she had "bloodshot, watery eyes." The driver, Kriens, denied drinking and disabling the interlock device. Kriens was removed from her vehicle, and Officer Hofbauer noticed the odor of alcoholic beverages emanating from her. Kriens performed poorly on field sobriety tests and eventually admitted drinking one shot of gin. She was placed in the officer's vehicle.

Officer Hofbauer returned to Kriens's vehicle and looked through the driver's side window. He saw the "interlock device was disconnected showing that it was unplugged or not operational." Kriens had a restricted driver's license, requiring an ignition interlock through February 1, 2020.

Kriens was transported to the police station. A breathalyzer test indicated Kriens had a blood alcohol level of .185, more than twice the legal limit. Kriens was charged with OWI, third offense, and tampering with or circumventing an ignition interlock device.

Kriens filed a motion to suppress, contending the officer did not have reasonable suspicion to support the traffic stop. The district court ruled from the bench:

> The court believes that the question is whether there was reasonable [articulable] suspicion of intoxicated driving, and the court will analyze this under the Fourth Amendment of the United States and the Iowa State Supreme Court did so under *State v. Kooima*, 833 N.W.2d 202 (Iowa 2013).
>     In *Kooima* the court was confronted with an issue of whether the tip of an intoxicated driver was reliable. The court established three factors that the court should consider when deciding whether a tip of an intoxicated driver should be enough to necessitate a stop. First, whether the tip gives an accurate description of the vehicle including the location so that the police could identify the vehicle. Second, whether the tip was based on information of a personal eye witness made contemporaneous with the crime in progress that was carried out in public identifiable and observable by anyone. And three, whether the caller describes specific examples of traffic violations.
>     . . . . [Here,] the information was documented through the Osceola dispatch and relayed to the West Des Moines Police Department.
>     Going back to *Kooima*, we do have a very accurate description of the vehicle. We know the gender of the driver, we know the vehicle's location, and we know that the vehicle was possibly going to Des Moines from Osceola. When the [BOLO] was given to the Osceola dispatchers [was] at 4:30 [p.m]. Approximately [forty-five] minutes later the officer made the observations of the car.

So we do have a contemporaneous location of the vehicle with what was provided to dispatch given the timeframe that it would take to travel from Osceola to West Des Moines and we do have[, in] this court's opinion[,] personal eye witness observations of the crime in progress, and that is the bypass of the ignition interlock device. That would give the person giving the information an indication that the driver of the car was intoxicated at the time. That is a very specific crime that is being relayed to dispatch along with a specific example of the traffic violation.

The court does believe that bypassing an ignition interlock is a specific example of a traffic violation. You take all that information along with the weaving of the defendant's car observed by the officer made during a time of day in which there was a moderate amount of traffic on the interstate traveling at interstate speeds, and in the court's opinion the officer would be remiss in failing to stop the defendant's vehicle to determine if there was criminal activity afoot.

The court does find by a preponderance of the evidence that there was reasonable articulable suspicion of intoxicated driving under the Fourth Amendment. When Officer Hofbauer activated his lights and sirens to pullover the vehicle and the subsequent evidence that was obtained from the investigation was accordingly obtained consistent with the Fourth Amendment doctrine. The court, therefore, denies the defendant's motion to suppress.

Kriens waived a jury for her trial. The defense called Kriens's husband. He testified he owned the vehicle Kriens was driving on October 19 and that the interlock device twice came unhooked while he was driving. He stated he called the interlock device company on how to resolve the issue but he did not follow through with the company's suggestion until after October 19. The court found Kriens guilty as charged.

At the sentencing hearing, the State recommended the court impose terms of imprisonment on both counts, to be served consecutively. The defense argued for suspended, concurrent sentences. The court sentenced Kriens to consecutive terms.

Kriens appeals, arguing the court erred in denying her motion to suppress and in failing to provide adequate reasons for imposing consecutive sentences.

*Motion to suppress.* Rulings on constitutional issues are reviewed de novo*. See State v. Young*, 863 N.W.2d 249, 252 (Iowa 2015). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings." *State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017) (citation omitted).

"To justify an investigatory stop, the State must prove by a preponderance of the evidence that the stopping officer had 'specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant[ed] that intrusion.'" *State v. Baker*, 925 N.W.2d 602, 611 (Iowa 2019) (alteration in original) (citation omitted). "We consider the circumstances under which the stop was made in light of the totality of the circumstances confronting the stopping officer, including all information available to the officer when he decided to make the stop." *Id.* "The purpose of an investigatory stop is to allow a police officer to confirm or dispel suspicions of criminal activity through reasonable questioning." *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002).

The district court's ruling appropriately summarized and considered the totality of the circumstances known to the stopping officer, including the information contained in the BOLO of an intoxicated driver having circumvented an interlock device, and the officer's personal observations in West Des Moines of a vehicle weaving on the interstate and matching the BOLO description within the approximate travel time from Osceola. We agree with the district court that "the officer would be remiss in failing to stop the defendant's vehicle to determine if there was criminal activity afoot." On our de novo review, the traffic stop was supported by reasonable suspicion.

*Consecutive sentences.* A sentencing court has wide authority to exercise discretion in order to "give the necessary latitude to the decision-making process," and that "inherent latitude in the process properly limits our review." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). A sentencing court must "state on the record its reason for selecting the particular sentence" imposed. Iowa R. Crim. P. 2.23(3)(d). "[B]y requiring reasons for a particular sentence to be on the record, a reviewing court will be able to assess whether there has been an abuse of discretion in sentencing." *State v. Thacker*, 862 N.W.2d 402, 407 (Iowa 2015). "While the rule requires a statement of reasons on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *Id.* at 408 (citation omitted).

After hearing the recommendations of the parties and Kriens's allocution, the court noted Kriens appeared to now accept responsibility and acknowledge her need for growth. The court stated it also had to consider:

> First of all, this is, of course, a third offense—of driving offense. And it's the third offense that happened within two years. That at the time that this offense occurred, . . . the department of transportation . . . required you to have an Ignition Interlock Device in your car. That device is something that I think is important for folks who are in your position to really show that you can maintain your sobriety and not be a danger when you are on the road.
> And I made a finding that you went against that and that you ended up driving your car from Osceola all the way up to southern Polk County. And at the time, you had a breath alcohol concentration of .185 at that time, so that was a very dangerous situation.
> One, where—had you made one wrong move as a result of your intoxicated driving, you could've killed yourself and you could have killed some other folks. And I take that very seriously.
> So—it's not with—something that I enjoy doing, but I do, in fact, believe that prison is appropriate. And so I'm going to impose a five-year term of incarceration on Count 1. And a one-year term

incarceration on Count 2 and for those sentences to run consecutively because of the very serious nature of the offense. And because you were on probation for two other OWI's at the time that this happened.

But I say that—that not because I believe that you are a bad person, Ms. Kriens, but because you make very poor decisions when you're intoxicated. You endanger the public. It tells me that we probably need to have some more checks on you before we can be satisfied that you are fully rehabilitated. Now I think that the rehabilitative programs that they are going to have available for you at the Department of Corrections while incarcerated will help you with that journey.

While terse, the court provided adequate reasons for imposing consecutive sentences. We find no abuse of the court's sentencing discretion. We therefore affirm.

**AFFIRMED.**